UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-CV-10663-RWZ

ERIC D. WICKBERG, on behalf of himself
and all others similarly situated

v.

AMICA MUTUAL INSURANCE CO.

<u>ORDER</u>

June 28, 2021

ZOBEL, S.D.J.

Plaintiff in this class action alleges that defendant insurance company failed to pay the full value for vehicles it deemed a "total loss" under its policies because it did not include the cost of registration, title, and inspection fees ("Regulatory Fees") associated with purchasing a new vehicle. Defendant removed the case, (Docket # 1), and plaintiff now moves to remand, (Docket # 12).

For this court to have jurisdiction of this case, the Class Action Fairness Act ("CAFA") requires that the total claims of all class members exceed $5 million. 28 U.S.C. § 1332(d)(6). The "burden of showing federal jurisdiction is on the defendant removing under CAFA," who must articulate a "reasonable probability" that the amount in controversy will indeed exceed this sum. Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

As alleged in his complaint and stated in his memorandum in support of the instant motion, plaintiff seeks less than $200 per class member in Regulatory Fees.

1

Defendant alleges that, by the time this case is resolved, there could be as many as 15,000 class members. While this assumption would result in close to $3 million in damages, it is still well short of the amount required. Thus, defendant has failed to meet its burden at this preliminary stage. See Amoche, 556 F.3d at 50.[1]

Plaintiff's motion to remand (Docket # 12) is ALLOWED. Defendant's motion to dismiss, (Docket # 9), is therefore denied as moot.

_June 28, 2021_
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] This decision "does not permanently foreclose [defendant] from attempting to remove this case to federal court. Successive attempts at removal are permissible where the grounds for removal become apparent only later in the litigation." Amoche, 556 F.3d at 53.